UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>C-K ENGINEERING, INC. and<br>HAROLD MCCORMICK,<br><br>　　　　Defendants. | Case No. 4:20-cv-452 |

**COMPLAINT**

The United States, for its complaint against Defendants, alleges as follows:

1. This is a civil action to enjoin C-K Engineering, Inc. and Harold McCormick from continuing to pay wages to employees without timely paying the associated federal employment taxes to the Internal Revenue Service.

2. This action is commenced at the request of, and with the authorization of, a delegate of the Secretary of the Treasury and at the direction of the Attorney General pursuant to 26 U.S.C. § 7401.

**Jurisdiction and Venue**

3. This Court has jurisdiction over this case pursuant to 26 U.S.C. § 7402(a) and 28 U.S.C. §§ 1340 and 1345.

4. Venue is proper in this Court pursuant to 28 U.S.C. §§ 1391(b) and 1396 because Defendant C-K Engineering, Inc.'s principal place of business is located in this judicial district, Defendant Harold McCormick resides in this judicial district, and a substantial part of the events or omissions giving rise to these claims occurred in this judicial district.

## The Parties

5. Plaintiff is the United States of America.

6. Defendant C-K Engineering, Inc. ("C-K Engineering") provides engineering services and related products and has a principal place of business located at 16144 Westwoods Business Park, Ellisville, MO 63021. C-K Engineering was incorporated in the State of Missouri on July 5, 2006. However, C-K Engineering was administratively dissolved by the Missouri Secretary of State on February 24, 2011, for its failure to file a correct and current annual report. Notwithstanding C-K Engineering's administrative dissolution, Defendant Harold McCormick has operated the business continuously since its formation in 2006 until the present date.

7. Defendant Harold McCormick is the president, sole officer, and sole member of the board of directors of C-K Engineering. Mr. McCormick resides at 750 Clubhouse Drive, Ballwin, Missouri 63011, and at all times relevant to this action, Mr. McCormick owned and operated C-K Engineering.

## Background

*Duties Imposed on Employers under the Internal Revenue Code*

8. At all times during and since the tax period ending June 30, 2009 to the present, C-K Engineering has had employees to whom it has paid wages. As an employer, and regardless of its entity classification, C-K Engineering is subject to federal employment tax obligations imposed by the Internal Revenue Code, including the duties to:

    a. withhold federal income and the employee portion of Federal Insurance Contributions Act (FICA) taxes from its employees' wages, *see* 26 U.S.C. §§ 3102 and 3402;

      b.     pay over to the Internal Revenue Service ("IRS") the amounts withheld from its employees' wages, along with its own FICA taxes (collectively, "employment taxes"), *see* 26 U.S.C. §§ 3111(a) and (b), and 3403;

      c.     make periodic deposits of its employment taxes in an appropriate federal depository bank in accordance with the federal deposit regulations, *see* 26 U.S.C. § 6302; 26 C.F.R. § 31.6302-1;

      d.     report its employment taxes to and file a Form 941 (Employer's Quarterly Federal Tax Return) with the IRS at least quarterly, along with any unpaid employment tax balance not already deposited, *see* 26 U.S.C. § 6011; 26 C.F.R. §§ 31.6011(a)-1 and 31.6071(a)-1(a);

      e.     pay over to the IRS Federal Unemployment Tax Act (FUTA) taxes ("unemployment taxes"), *see* 26 U.S.C. §§ 3301 and 6157;

      f.     make periodic deposits of its unemployment taxes in an appropriate federal depository bank in accordance with federal deposit regulations, *see* 26 C.F.R. § 31.6302(c)-3;

      g.     report its unemployment taxes to and file a Form 940 (Employer's Annual Federal Unemployment Tax Return) with the IRS on an annual basis, *see* 26 U.S.C. § 6011; 26 C.F.R. §§ 31.6011(a)-3 and 31.6071(a)-1(c).

9.     The federal employment taxes that C-K Engineering was required to withhold, collect, and pay over to the United States during the taxable periods described below were deemed by operation of law to have been held in "a special fund in trust for the United States," and were not to be used for any other purposes, including the business operations of C-K Engineering. 26 U.S.C. § 7501(a).

*Defendants' Failure to Comply With Their Employment and Unemployment Tax Obligations*

10. For numerous tax periods from at least 2009 to the present, Defendants have failed to comply with the federal employment and unemployment tax obligations described in paragraph 8 above. Defendants have been engaging in an activity known as "pyramiding," whereby a business repeatedly withholds taxes from its employees' wages, but fails to remit those taxes to the IRS as mandated by law, resulting in an ever-increasing unpaid tax liability. Such activity has been and continues to be a drain on the United States Treasury.

11. For the tax types and tax periods set forth in the table below, a delegate of the Secretary of the Treasury made the following assessments against C-K Engineering, which have the following balances due, after accounting for all costs, fees, accruals, payments, credits, and abatements:

| Tax Type or Form | Tax Period Ending | Assessment Date | Amount of Tax Assessed | Unpaid Balance as of February 3, 2020 |
|---|---|---|---|---|
| Form 941 | 06/30/2009 | 09/28/2009 | $8,389.03 | $16,479.27 |
| Form 941 | 09/30/2009 | 12/14/2009 | $8,112.20 | $15,788.75 |
| Form 941 | 12/31/2009 | 05/03/2010 | $6,595.16 | $8,188.99 |
| Form 941 | 03/31/2010 | 06/14/2010 | $4,617.65 | $662.88 |
| Form 941 | 09/30/2010 | 12/20/2010 | $8,330.98 | $9,675.42 |
| Form 941 | 03/31/2011 | 06/13/2011 | $8,671.87 | $277.09 |
| Form 941 | 06/30/2011 | 10/03/2011 | $9,728.73 | $8,801.13 |
| Form 941 | 09/30/2011 | 01/02/2012 | $9,448.07 | $17,209.46 |
| Form 941 | 12/31/2011 | 04/02/2012 | $9,924.61 | $17,959.14 |
| Form 941 | 03/31/2012 | 06/25/2012 | $10,452.13 | $18,782.30 |
| Form 941 | 09/30/2013 | 12/16/2013 | $21,963.75 | $7,535.98 |
| Form 941 | 12/31/2013 | 04/07/2014 | $20,415.52 | $35,388.52 |
| Form 941 | 03/31/2014 | 06/16/2014 | $12,849.35 | $22,131.77 |
| Form 941 | 06/30/2014 | 10/06/2014 | $8,280.71 | $1,167.68 |

| Tax Type or Form | Tax Period Ending | Assessment Date | Amount of Tax Assessed | Unpaid Balance as of February 3, 2020 |
|---|---|---|---|---|
| Form 941 | 09/30/2014 | 12/29/2014 | $11,156.48 | $16,625.59 |
| Form 941 | 03/31/2015 | 07/06/2015 | $13,510.31 | $417.77 |
| Form 941 | 06/30/2016 | 09/12/2016 | $4,492.79 | $105.01 |
| Form 941 | 09/30/2016 | 01/02/2017 | $6,851.35 | $11,007.00 |
| Form 941 | 12/31/2016 | 04/10/2017 | $7,266.39 | $832.64 |
| Form 940 | 12/31/2009 | 05/03/2010 | $462.80 | $838.13 |
| Form 940 | 12/31/2011 | 04/30/2012 | $719.94 | $1,163.55 |
| Civil Penalty (26 U.S.C. § 6721) | 12/31/2011 | 09/29/2014 | - | $1,504.22 |
| **Total Unpaid Balance as of February 3, 2020** | | | | **$212,542.29** |

12. The IRS calculated the tax assessments described in paragraph 11 based on the amounts C-K Engineering reported on its filed Forms 941 and Forms 940. The IRS also assessed a civil penalty under 26 U.S.C. § 6721, which is included in paragraph 11, for C-K Engineering's failure to file information returns for the period ending December 31, 2011.

13. A delegate of the Secretary of the Treasury gave C-K Engineering notices of the assessments set forth in paragraph 11 and made demands for payment of the unpaid liabilities on or about the dates of each assessment.

14. The assessments set forth in paragraph 11 were made in accordance with law.

15. Despite notice and demand for payment, C-K Engineering has failed to fully pay the liabilities described in paragraph 11. C-K Engineering remains indebted to the United States, after application of all costs, fees, accruals, abatements, payments, and credits, in the amount of $212,542.29 as of February 3, 2020. Statutory additions, including interest, have accrued and will continue to accrue on the amounts owed to the United States after February 3, 2020, until the balance is paid in full.

16. In addition, for recent tax periods from March 31, 2017 to December 31, 2019, Defendants continue to disregard their obligations described in paragraph 8 above. Despite having employees to whom C-K Engineering has paid wages, Defendants have failed to file required tax returns or failed to pay all deposits and taxes due, or both:

a. C-K Engineering has not filed quarterly FICA tax returns (Form 941) for periods ending March 31, 2017, June 30, 2017, September 30, 2017, December 31, 2017, March 31, 2018, June 30, 2018, September 30, 2018, December 31, 2018, March 31, 2019, June 30, 2019, September 30, 2019, and December 31, 2019. In addition, C-K Engineering has not filed FUTA tax returns (Form 940) for periods ending December 31, 2017, December 31, 2018, and December 31, 2019;

b. C-K Engineering has failed to voluntarily pay to the IRS its accrued employment taxes for periods ending September 30, 2017, December 31, 2017, March 31, 2018, June 30, 2018, September 30, 2018, December 31, 2018, March 31, 2019, June 30, 2019, September 30, 2019, and December 31, 2019. C-K Engineering has also failed to voluntarily pay to the IRS its accrued unemployment taxes for periods ending December 31, 2017, December 31, 2018, and December 31, 2019.

*Administrative Collection Efforts*

17. Since at least 2009, the IRS has attempted to bring C-K Engineering into compliance with its federal employment and unemployment tax obligations and to collect past-due tax liabilities from C-K Engineering, including by:

a. Making tax assessments against C-K Engineering for unpaid federal employment and unemployment taxes and sending notices and demands for payment.

  b. Speaking with C-K Engineering's owner, McCormick, about C-K Engineering's employment and unemployment tax obligations on numerous occasions and advising McCormick on how to bring C-K Engineering into compliance with such obligations;

  c. Recording several Notices of Federal Tax Lien against C-K Engineering from 2010 through 2017;

  d. Levying on C-K Engineering's bank accounts;

  e. Assessing trust fund recovery penalties under 26 U.S.C. § 6672 against McCormick for multiple quarterly periods, making him personally liable for the portion of C-K Engineering's unpaid employment taxes withheld from its employees' wages;

  f. Engaging in a collection due process hearing with C-K Engineering regarding proposed collection action for C-K Engineering's unpaid unemployment tax liabilities for tax year 2011; and

  g. Hand-delivering to McCormick an IRS Form Letter 903 on October 21, 2014 and again on February 1, 2017, which placed C-K Engineering and McCormick on notice that if C-K Engineering continued to fail to comply with its employment and unemployment tax obligations, the IRS may pursue a suit for civil injunction.

18. Despite the IRS's collection efforts, C-K Engineering continues to incur additional liabilities with each passing quarter and has not demonstrated a willingness to comply with its obligations under the Internal Revenue Code. There is no evidence that C-K Engineering or McCormick will make the necessary effort to comply with their employment and unemployment tax obligations, absent a court order compelling them to do so.

**Count I – Injunction Against C-K Engineering and Harold McCormick**

19.     The United States incorporates by reference paragraphs 1 through 18 above.

20.     The United States seeks an injunction against C-K Engineering and McCormick pursuant to 26 U.S.C. § 7402(a), which authorizes this Court to issue orders of injunction "as may be necessary or appropriate for the enforcement of the internal revenue laws." The remedies available to the United States under that statute "are in addition to and not exclusive of any and all other remedies." *Id.*

21.     An injunction by this Court ordering C-K Engineering and McCormick to comply with C-K Engineering's federal employment and unemployment tax obligations is necessary and appropriate for the enforcement of the internal revenue laws and to prevent continued violations of those laws.

22.     C-K Engineering and McCormick have substantially interfered with, and continue to interfere with, the internal revenue laws by repeatedly failing to pay over to the IRS C-K Engineering's employment and unemployment taxes; failing to make deposits of such taxes timely and in full; and failing to timely file employment and unemployment tax returns.

23.     C-K Engineering has a balance due to the IRS for all periods described in paragraph 11 and continues to accrue employment and unemployment tax liabilities to the present date.

24.     Absent court intervention in the form of injunctive relief, the United States lacks an adequate legal remedy to prevent further pyramiding of employment taxes owed by C-K Engineering. C-K Engineering is likely to continue to accrue additional unpaid employment taxes in the future to the detriment of the United States. Despite repeated attempts over many years, the IRS has been unable to prevent Defendants from pyramiding employment taxes. The

IRS has exhausted its administrative abilities to compel C-K Engineering to pay its federal tax liabilities and to comply with the internal revenue laws, and a money judgment for existing unpaid tax liabilities cannot prevent C-K Engineering and McCormick from continuing to accrue new unpaid liabilities.

25. The United States has suffered and continues to suffer irreparable harm as a result of C-K Engineering and McCormick's interference with federal tax administration and violation of federal tax statutes, including but not limited to:

a. the loss of past and future tax revenue, including the loss of the employees' FICA and income taxes for which C-K Engineering's employees have already received credit from the IRS and the Social Security Administration;

b. the drain on limited IRS resources due to the IRS's extensive attempts to bring C-K Engineering and McCormick into compliance; and

c. the erosion of public confidence in the federal tax administration system that results from allowing Defendants to continue to accrue further delinquent employment and unemployment taxes at the expense of compliant taxpayers.

26. An injunction, backed by the threat of coercive judicial sanctions for noncompliance, will compel Defendants to comply with the tax laws by timely filing tax returns and paying employment and unemployment taxes timely and in full. An injunction will not injure C-K Engineering or McCormick but will merely compel C-K Engineering to conduct its business like every other tax-paying employer in the United States.

27. An injunction will serve the public good. Because the United States' system for collecting federal taxes relies heavily upon employers withholding and remitting the federal employment and unemployment taxes they owe, the Defendants' failure to make employment

and unemployment tax deposits and to pay over such taxes undermines this system of tax collection. Furthermore, by using unpaid taxes for its own business and operating expenses, C-K Engineering exacts an involuntary subsidy from the taxpayers of the United States and gains an unfair business advantage over its law-abiding competitors who comply with their federal tax obligations.

WHEREFORE, the United States respectfully requests that the Court:

A. Enter judgment on Count I of this complaint in favor of the United States and against Defendants C-K Engineering and Harold McCormick;

B. Find that Defendants C-K Engineering and Harold McCormick have engaged and are engaging in conduct that interferes with the enforcement of the internal revenue laws and that injunctive relief under 26 U.S.C. § 7402(a) and the Court's inherent equity powers is necessary and appropriate to prevent Defendants from interfering with the enforcement of the internal revenue laws;

C. Enter a permanent injunction pursuant to 26 U.S.C. § 7402(a), Fed. R. Civ. P. 65, and the Court's inherent equity powers, ordering that:

    1. C-K Engineering shall, and Harold McCormick shall cause C-K Engineering and any other employer entity that they control to, withhold from each employee's paycheck an appropriate amount of income tax and the employee portion of FICA taxes;

    2. C-K Engineering shall, and Harold McCormick shall cause C-K Engineering and any other employer entity that they control to, timely deposit withheld

employee income and FICA taxes and employer FICA taxes in an appropriate federal depository bank in accordance with federal deposit regulations;

   3. C-K Engineering shall, and Harold McCormick shall cause C-K Engineering and any other employer entity that they control to, timely deposit FUTA taxes in an appropriate federal depository bank in accordance with federal deposit regulations;

   4. On the first day of each month, Harold McCormick shall sign and deliver to an IRS employee designated by the IRS, an affidavit stating that the required federal income taxes, FICA and FUTA taxes were fully and timely deposited for each pay period during the prior month;

   5. C-K Engineering shall, and Harold McCormick shall cause C-K Engineering and any other employer entity that they control to, timely file Form 941 employment tax returns and Form 940 unemployment tax returns that come due after the date of the injunction and send copies of each filed return to an IRS employee designated by the IRS, no later than five days after filing the Forms;

   6. C-K Engineering shall, and Harold McCormick shall cause C-K Engineering and any other employer entity that they control to, timely pay all required outstanding liabilities due on each return required to be filed under the Court's injunction order;

   7. C-K Engineering and Harold McCormick are enjoined from paying other creditors of C-K Engineering or from transferring, disbursing, or assigning any money, property, or assets of C-K Engineering after the date of the injunction order until after such time as the required deposits described in paragraphs C-2 and C-3, and any

11

liabilities described in paragraph C-6, have been paid in full, for any tax period ending after the injunction is issued;

   8.  C-K Engineering and Harold McCormick are enjoined from assigning and/or transferring money or property to any other entity in order to have that entity pay the salaries or wages of C-K Engineering's employees, except for a commercial payroll services provider approved in advance by counsel for the United States;

   9.  C-K Engineering and Harold McCormick shall permit a representative from the IRS to inspect C-K Engineering's books and records periodically, with two business days' notice of each inspection;

   10.  For the five-year period beginning on the date the injunction order is entered, Harold McCormick shall notify, in writing, an IRS employee designated by the IRS, if Harold McCormick comes to form, incorporate, own, or work in a managerial capacity for another business entity, no later than five business days after such event. Regardless of such notification, the preceding subparagraphs of this paragraph C shall apply to any employer entity controlled by Harold McCormick.

  D.  Require Harold McCormick and C-K Engineering to deliver to all of their current employees a copy of the Court's findings and injunction, within 30 days of the date of the injunction order;

  E.  Retain jurisdiction over this case to ensure compliance with this injunction, including authorizing the United States to take post-judgment discovery to ensure compliance;

  F.  Order that, if Harold McCormick or C-K Engineering violate any term of this injunction, then counsel for the United States shall send Defendants written notice of the violation, and Defendants shall have 10 days after notification is sent to cure the violation; and

  1. A "cure" for the violation includes making a late tax deposit and all accruals on such tax; paying delinquent tax shown on a return and all accruals on such tax; filing a delinquent tax return; and providing a delinquent notification to an IRS employee designated by the IRS.

  2. If counsel for the United States has sent Defendants three separate written notifications for three separate violations, then counsel for the United States shall no longer be obligated to send written notification of a violation.

  3. If any violation is not cured within ten days of notification, or if, after the third notification followed by cures, the United States becomes aware of a new violation by Harold McCormick and C-K Engineering, then the United States shall be entitled to file with this Court a motion for an Order to Show Cause why Harold McCormick and C-K Engineering should not be held in contempt of the injunction and why C-K Engineering should not be ordered to cease doing business immediately and why Harold McCormick should not be permanently enjoined from forming, incorporating, or owning another or a successor business entity and from working for any business in any capacity that includes any responsibility for withholding, accounting for, or paying over employment or unemployment taxes or for filing employment or unemployment tax returns.

 G. Granting the United States such other and further relief as the Court deems just and proper, including costs and attorneys' fees.

Dated: March 27, 2020

Respectfully submitted,

RICHARD E. ZUCKERMAN
Principal Deputy Assistant Attorney General
Tax Division

*/s/ Lauren A. Darwit*
LAUREN A. DARWIT #6323788 (IL)
Trial Attorney, Tax Division
U.S. Department of Justice
Post Office Box 7238
Washington, D.C. 20044
202-307-5892 (v)
202-514-6770 (f)
Lauren.A.Darwit@usdoj.gov

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS
UNITED STATES OF AMERICA

## DEFENDANTS
C-K ENGINEERING, INC. and HAROLD MCCORMICK

**(b)** County of Residence of First Listed Plaintiff _____
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant   St. Louis
*(IN U.S. PLAINTIFF CASES ONLY)*

NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*
Lauren Darwit, Trial Attorney, U.S. Department of Justice - Tax Division
P.O. Box 7238, Washington, D.C. 20044
(202) 307-5892

Attorneys *(If Known)*

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*
- [X] 1 U.S. Government Plaintiff
- [ ] 2 U.S. Government Defendant
- [ ] 3 Federal Question *(U.S. Government Not a Party)*
- [ ] 4 Diversity *(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)*
*(For Diversity Cases Only)*

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated *or* Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated *and* Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*
Click here for: Nature of Suit Code Descriptions.

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 422 Appeal 28 USC 158 | ☐ 375 False Claims Act |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 365 Personal Injury - Product Liability | ☐ 690 Other | ☐ 423 Withdrawal 28 USC 157 | ☐ 376 Qui Tam (31 USC 3729(a)) |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 367 Health Care/ Pharmaceutical Personal Injury Product Liability | | **PROPERTY RIGHTS** | ☐ 400 State Reapportionment |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | | | ☐ 820 Copyrights | ☐ 410 Antitrust |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | | | ☐ 830 Patent | ☐ 430 Banks and Banking |
| ☐ 151 Medicare Act | ☐ 340 Marine | ☐ 368 Asbestos Personal Injury Product Liability | | ☐ 835 Patent - Abbreviated New Drug Application | ☐ 450 Commerce |
| ☐ 152 Recovery of Defaulted Student Loans (Excludes Veterans) | ☐ 345 Marine Product Liability | **PERSONAL PROPERTY** | | ☐ 840 Trademark | ☐ 460 Deportation |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 370 Other Fraud | **LABOR** | **SOCIAL SECURITY** | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 371 Truth in Lending | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 480 Consumer Credit |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury | ☐ 380 Other Personal Property Damage | ☐ 720 Labor/Management Relations | ☐ 862 Black Lung (923) | ☐ 490 Cable/Sat TV |
| ☐ 195 Contract Product Liability | ☐ 362 Personal Injury - Medical Malpractice | ☐ 385 Property Damage Product Liability | ☐ 740 Railway Labor Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 196 Franchise | | | ☐ 751 Family and Medical Leave Act | ☐ 864 SSID Title XVI | ☐ 890 Other Statutory Actions |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 790 Other Labor Litigation | ☐ 865 RSI (405(g)) | ☐ 891 Agricultural Acts |
| ☐ 210 Land Condemnation | ☐ 440 Other Civil Rights | **Habeas Corpus:** | ☐ 791 Employee Retirement Income Security Act | **FEDERAL TAX SUITS** | ☐ 893 Environmental Matters |
| ☐ 220 Foreclosure | ☐ 441 Voting | ☐ 463 Alien Detainee | | [X] 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 895 Freedom of Information Act |
| ☐ 230 Rent Lease & Ejectment | ☐ 442 Employment | ☐ 510 Motions to Vacate Sentence | | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 896 Arbitration |
| ☐ 240 Torts to Land | ☐ 443 Housing/ Accommodations | ☐ 530 General | | | ☐ 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment | ☐ 535 Death Penalty | **IMMIGRATION** | | |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other | **Other:** | ☐ 462 Naturalization Application | | ☐ 950 Constitutionality of State Statutes |
| | ☐ 448 Education | ☐ 540 Mandamus & Other | ☐ 465 Other Immigration Actions | | |
| | | ☐ 550 Civil Rights | | | |
| | | ☐ 555 Prison Condition | | | |
| | | ☐ 560 Civil Detainee - Conditions of Confinement | | | |

## V. ORIGIN *(Place an "X" in One Box Only)*
- [X] 1 Original Proceeding
- [ ] 2 Removed from State Court
- [ ] 3 Remanded from Appellate Court
- [ ] 4 Reinstated or Reopened
- [ ] 5 Transferred from Another District *(specify)*
- [ ] 6 Multidistrict Litigation - Transfer
- [ ] 8 Multidistrict Litigation - Direct File

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
26 U.S.C. §§ 7401 and 7402

Brief description of cause:
Action to enjoin defendants from further violating duties imposed on employers under the Internal Revenue Code

## VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A **CLASS ACTION** UNDER RULE 23, F.R.Cv.P.

**DEMAND $**

CHECK YES only if demanded in complaint:
**JURY DEMAND:**  ☐ Yes  [X] No

## VIII. RELATED CASE(S) IF ANY
*(See instructions):*
JUDGE _____   DOCKET NUMBER _____

| DATE | SIGNATURE OF ATTORNEY OF RECORD |
|---|---|
| 03/27/2020 | /s/ Lauren A. Darwit |

**FOR OFFICE USE ONLY**

RECEIPT #   AMOUNT   APPLYING IFP   JUDGE   MAG. JUDGE

# INSTRUCTIONS FOR ATTORNEYS COMPLETING CIVIL COVER SHEET FORM JS 44

Authority For Civil Cover Sheet

The JS 44 civil cover sheet and the information contained herein neither replaces nor supplements the filings and service of pleading or other papers as required by law, except as provided by local rules of court.  This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet.  Consequently, a civil cover sheet is submitted to the Clerk of Court for each civil complaint filed.  The attorney filing a case should complete the form as follows:

**I.(a)** **Plaintiffs-Defendants.**  Enter names (last, first, middle initial) of plaintiff and defendant.  If the plaintiff or defendant is a government agency, use only the full name or standard abbreviations.  If the plaintiff or defendant is an official within a government agency, identify first the agency and then the official, giving both name and title.

  **(b)** **County of Residence.**  For each civil case filed, except U.S. plaintiff cases, enter the name of the county where the first listed plaintiff resides at the time of filing.  In U.S. plaintiff cases, enter the name of the county in which the first listed defendant resides at the time of filing.  (NOTE: In land condemnation cases, the county of residence of the "defendant" is the location of the tract of land involved.)

  **(c)** **Attorneys.**  Enter the firm name, address, telephone number, and attorney of record.  If there are several attorneys, list them on an attachment, noting in this section "(see attachment)".

**II.** **Jurisdiction.**  The basis of jurisdiction is set forth under Rule 8(a), F.R.Cv.P., which requires that jurisdictions be shown in pleadings.  Place an "X" in one of the boxes.  If there is more than one basis of jurisdiction, precedence is given in the order shown below.
United States plaintiff.  (1) Jurisdiction based on 28 U.S.C. 1345 and 1348.  Suits by agencies and officers of the United States are included here.
United States defendant.  (2) When the plaintiff is suing the United States, its officers or agencies, place an "X" in this box.
Federal question.  (3) This refers to suits under 28 U.S.C. 1331, where jurisdiction arises under the Constitution of the United States, an amendment to the Constitution, an act of Congress or a treaty of the United States.  In cases where the U.S. is a party, the U.S. plaintiff or defendant code takes precedence, and box 1 or 2 should be marked.
Diversity of citizenship.  (4) This refers to suits under 28 U.S.C. 1332, where parties are citizens of different states.  When Box 4 is checked, the citizenship of the different parties must be checked**.**  (See Section III below**; NOTE: federal question actions take precedence over diversity cases.**)

**III.** **Residence (citizenship) of Principal Parties.**  This section of the JS 44 is to be completed if diversity of citizenship was indicated above.  Mark this section for each principal party.

**IV.** **Nature of Suit.**  Place an "X" in the appropriate box.  If there are multiple nature of suit codes associated with the case, pick the nature of suit code that is most applicable.  Click here for: Nature of Suit Code Descriptions.

**V.** **Origin.**  Place an "X" in one of the seven boxes.
Original Proceedings.  (1) Cases which originate in the United States district courts.
Removed from State Court.  (2) Proceedings initiated in state courts may be removed to the district courts under Title 28 U.S.C., Section 1441.  When the petition for removal is granted, check this box.
Remanded from Appellate Court.  (3) Check this box for cases remanded to the district court for further action.  Use the date of remand as the filing date.
Reinstated or Reopened.  (4) Check this box for cases reinstated or reopened in the district court.  Use the reopening date as the filing date.
Transferred from Another District.  (5) For cases transferred under Title 28 U.S.C. Section 1404(a).  Do not use this for within district transfers or multidistrict litigation transfers.
Multidistrict Litigation – Transfer.  (6) Check this box when a multidistrict case is transferred into the district under authority of Title 28 U.S.C. Section 1407.
Multidistrict Litigation – Direct File.  (8) Check this box when a multidistrict case is filed in the same district as the Master MDL docket.
**PLEASE NOTE THAT THERE IS NOT AN ORIGIN CODE 7.**  Origin Code 7 was used for historical records and is no longer relevant due to changes in statue.

**VI.** **Cause of Action.**  Report the civil statute directly related to the cause of action and give a brief description of the cause.  **Do not cite jurisdictional statutes unless diversity.**  Example: U.S. Civil Statute: 47 USC 553  Brief Description: Unauthorized reception of cable service

**VII.** **Requested in Complaint.**  Class Action.  Place an "X" in this box if you are filing a class action under Rule 23, F.R.Cv.P.
Demand.  In this space enter the actual dollar amount being demanded or indicate other demand, such as a preliminary injunction.
Jury Demand.  Check the appropriate box to indicate whether or not a jury is being demanded.

**VIII.** **Related Cases.**  This section of the JS 44 is used to reference related pending cases, if any.  If there are related pending cases, insert the docket numbers and the corresponding judge names for such cases.

**Date and Attorney Signature.**  Date and sign the civil cover sheet.

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI

UNITED STATES OF AMERICA ,　　　　　)
　　　　　　　　　　　　　　　　　　)
　　　　　　　　　　　　　　　　　　)
　　　　　　　Plaintiff,　　　　　　)
　　　　　　　　　　　　　　　　　　)
　　　　　v.　　　　　　　　　　　　)　Case No. 4:20-cv-452
C-K ENGINEERING, INC.　　　　　　　 )
and HAROLD MCCORMICK ,　　　　　　 )
　　　　　　　　　　　　　　　　　　)
　　　　　　　Defendant,　　　　　　)
　　　　　　　　　　　　　　　　　　)

**ORIGINAL FILING FORM**

**THIS FORM MUST BE COMPLETED AND VERIFIED BY THE FILING PARTY WHEN INITIATING A NEW CASE.**

☐　THIS SAME CAUSE, OR A SUBSTANTIALLY EQUIVALENT COMPLAINT, WAS PREVIOUSLY FILED IN THIS COURT AS CASE NUMBER _____ AND ASSIGNED TO THE HONORABLE JUDGE _____.

☐　THIS CAUSE IS RELATED, BUT IS NOT SUBSTANTIALLY EQUIVALENT TO ANY PREVIOUSLY FILED COMPLAINT.  THE RELATED CASE NUMBER IS _____ AND THAT CASE WAS ASSIGNED TO THE HONORABLE _____.  THIS CASE MAY, THEREFORE, BE OPENED AS AN ORIGINAL PROCEEDING.

☒　NEITHER THIS SAME CAUSE, NOR A SUBSTANTIALLY EQUIVALENT COMPLAINT, HAS BEEN PREVIOUSLY FILED IN THIS COURT, AND THEREFORE MAY BE OPENED AS AN ORIGINAL PROCEEDING.

**The undersigned affirms that the information provided above is true and correct.**

Date: 03/27/2020　　　　　　　　　　　　　　　/s/ Lauren A. Darwit
　　　　　　　　　　　　　　　　　　　　　　　　　Signature of Filing Party

AO 399 (01/09) Waiver of the Service of Summons

# UNITED STATES DISTRICT COURT
for the
Eastern District of Missouri

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| *Plaintiff* | ) | |
| v. | ) | Civil Action No. 4:20-cv-452 |
| C-K ENGINEERING, INC. and HAROLD MCCORMICK | ) | |
| *Defendant* | ) | |

## WAIVER OF THE SERVICE OF SUMMONS

To: _____
*(Name of the plaintiff's attorney or unrepresented plaintiff)*

I have received your request to waive service of a summons in this action along with a copy of the complaint, two copies of this waiver form, and a prepaid means of returning one signed copy of the form to you.

I, or the entity I represent, agree to save the expense of serving a summons and complaint in this case.

I understand that I, or the entity I represent, will keep all defenses or objections to the lawsuit, the court's jurisdiction, and the venue of the action, but that I waive any objections to the absence of a summons or of service.

I also understand that I, or the entity I represent, must file and serve an answer or a motion under Rule 12 within 60 days from _____, the date when this request was sent (or 90 days if it was sent outside the United States).  If I fail to do so, a default judgment will be entered against me or the entity I represent.

Date: _____

_____
*Printed name of party waiving service of summons*

_____
*Signature of the attorney or unrepresented party*

_____
*Printed name*

_____
*Address*

_____
*E-mail address*

_____
*Telephone number*

**Duty to Avoid Unnecessary Expenses of Serving a Summons**

Rule 4 of the Federal Rules of Civil Procedure requires certain defendants to cooperate in saving unnecessary expenses of serving a summons and complaint.  A defendant who is located in the United States and who fails to return a signed waiver of service requested by a plaintiff located in the United States will be required to pay the expenses of service, unless the defendant shows good cause for the failure.

"Good cause" does *not* include a belief that the lawsuit is groundless, or that it has been brought in an improper venue, or that the court has no jurisdiction over this matter or over the defendant or the defendant's property.

If the waiver is signed and returned, you can still make these and all other defenses and objections, but you cannot object to the absence of a summons or of service.

If you waive service, then you must, within the time specified on the waiver form, serve an answer or a motion under Rule 12 on the plaintiff and file a copy with the court.  By signing and returning the waiver form, you are allowed more time to respond than if a summons had been served.